UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60759 CIV-MIDDLEBROOKS/VITUNAC

MELISSA ALLYN MORGAN,

    Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY,
INC., a Florida not-for-profit corporation,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING
PLAINTIFF LEAVE TO AMEND**

This Cause comes before the Court on Defendant's Motion to Dismiss (DE 11), filed July 13, 2007.  The Court has reviewed the record and is fully advised in the premises.

**I. Plaintiff's Complaint**

Plaintiff Melissa Morgan ("Morgan") filed her complaint on June 1, 2007, under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (2000) ("ADA") and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("Rehabilitation Act"), alleging that Defendant Nova Southeastern University, Inc. ("Nova") discriminated against her on the basis of her disability.

Morgan states that she has epilepsy and autoimmune-mediated meningoencephalitis, which she claims is a disability entitling her to reasonable accommodations from the Defendant. Plaintiff has been a medical student in Nova's Health Professions Division and a fellow in its Predoctoral Osteopathic Principles and Practice (OPP) Fellowship Program.  Her duties involved

1

seeing patients for and under the supervision of osteopathic physicians.  Plaintiff's fellowship program is a component of her medical education, and she received no salary.

Plaintiff describes her required accommodations as a flexible schedule or reasonable amounts of time off for physician appointments, so that she can insure adherence to the appropriate health regimens.  In her complaint, Morgan states that her condition substantially impairs her ability to perform one or more major life activities.  Pl. Complaint, ¶10.  She states that she has suffered from both petit mal and grand mal seizures, which have impaired her ability to drive, think/concentrate, care for herself, and at times be aware of her environment.  *Id*.

Morgan states that Nova was aware of her medical conditions prior to her entry into the fellowship program, and that Defendant questioned her about her medical history during her admission interview.  Plaintiff states that she needs to attend scheduled medical appointments in order to maintain "her optimum level of functioning."  *Id*. at ¶13.

On or about August of 2006, Morgan made requests for accommodations in the form of a flexible schedule or time off to attend doctors appointments.  She claims that Dr. Mark Sandhouse, her superior in the fellowship program, repeatedly denied these requests.  *Id*. at ¶14. The complaint alleges that Dr. Sandhouse referred to her requests as "annoying."  *Id*. at ¶15. Plaintiff states that she canceled necessary doctors appointments as a result.

At one point in March of 2007, Plaintiff told Sandhouse that she was running out of her medications, and she requested permission to take time off to see her doctors.  She states that the doctor avoided her requests, and she did not receive the time off.  *Id*. at ¶16.  Morgan spoke to Sandhouse again in April of 2007, asking whether she could get time off for her medical appointments during the coming months.  Sandhouse refused to grant plaintiff any time off for

the remainder of the fellowship year, which ended in June 2007.

On or about April 17, 2007, Morgan held a meeting with Dr. Elaine Wallace, the chair of the OPP Department, to discuss the problems that she was having as a result of not being allowed time off for medical appointments. Wallace directed Plaintiff to take a three week leave of absence and to make up the missed time during her vacation month of her final year in medical school. Plaintiff stated that a three week leave was too much, and that she only wanted a more flexible work schedule. Dr. Wallace allegedly told her that more flexibility was not an option, and she directed Plaintiff to take the leave time.

When Morgan returned from her leave time, Defendant had left a letter in Plaintiff's mailbox. The terms stated that Plaintiff was to agree to a grade of incomplete for the second half of the fellowship year and to the possible forfeiture of her tuition benefit, due to the fact that she took a three week leave of absence. Plaintiff alleges that no employee of Defendant ever discussed this letter or its terms with her.

In exchange for her participation in the fellowship program, Nova had agreed to pay Morgan's tuition for her third and fourth academic years as a student in the Health Professions Division. However, on or about May 22, 2007, Morgan learned that the OPP Fellowship program had not paid her tuition for the third academic year. On May 24, 2007, Morgan notified Nova of her decision to withdraw from the program as a result of the Defendant's conduct toward her and the emotional distress it caused. She is seeking declaratory relief, compensatory damages, punitive damages, costs and attorney's fees.

**II. Legal Analysis**

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**A. Plaintiff's ADA Claim**

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show (1) she has a disability, (2) she is a qualified individual, and (3) the defendant unlawfully discriminated against her because of the disability. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226 (11th Cir. 2005). Defendant contends that Plaintiff's complaint fails to adequately allege that she has a disability under the terms of the ADA.

Under the ADA, a person has a disability if she has "(A) a physical or mental impairment that substantially limits one or more of the major life activities (MLAs) of such individual; (B) a record of such impairment; or (C) [been] regarded as having such an impairment." 42 U.S.C. § 12102(2); *Carlson v. Liberty Mut. Ins. Co.*, 2007 U.S. App. LEXIS 13551 (11th Cir. 2007). MLA's are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I).

In analyzing whether an impairment substantially limits a major life activity, courts must

take into account any mitigating measures an individual undertakes to correct her condition. *Sutton v. United Air Lines*, 527 U.S. 471, 482 (1999). I must analyze the effects of those mitigating measures when judging whether that person is "substantially limited" in a major life activity and thus "disabled" under the ADA. *Id*. at 483 ("To be sure, a person whose physical or mental impairment is corrected by mitigating measures still has an impairment, but if the impairment is corrected it does not 'substantially limit' a major life activity.")[1]

Here the Defendant argues that Plaintiff's complaint does not adequately allege that she is disabled. Nova states that under *Sutton,* Plaintiff is not disabled because with the medication she takes to mitigate her condition, she is able to function normally and her impairment does not substantially limit any major life activity.

I find that, as a matter of law under the *Sutton* framework, Plaintiff's complaint fails to adequately allege that she is disabled for purposes of the ADA. In response to Defendant's argument that Morgan is not disabled, Plaintiff points me to paragraphs 9 and 10 of her complaint. However, these paragraphs, while alleging in conclusory terms that Plaintiff's medical condition substantially impairs various major life activities, do not allege that she has suffered any impairment while taking her medication. Paragraph 10 states that Plaintiff has suffered seizures, but it does not state that she has suffered any seizures after she began her current medication and medical regimen. While suffering from seizures is unquestionably an impairment, Plaintiff's complaint does not adequately allege that even when taking her

---

[1]The Court went on to state "we think the language is properly read as requiring that a person be presently -- not potentially or hypothetically -- substantially limited in order to demonstrate a disability. A 'disability' exists only where an impairment 'substantially limits' a major life activity, not where it 'might,' 'could,' or 'would' be substantially limiting if mitigating measures were not taken." *Id*. at 482.

medications, she still suffers limitations on major life activities.

Indeed, the many other paragraphs of Plaintiff's complaint unequivocally state that she is able to function effectively in her fellowship as long as she takes her medication and adheres to her medical regimen. Paragraph 11 states that Plaintiff can maintain "her optimal level of functioning" as long as she attends her medical appointments. If Plaintiff's "optimal level of functioning" is a state where she still suffers limits on major life activities, then her complaint must allege that fact. While the complaint states that Plaintiff must be accommodated with time off for doctor's visits, nowhere does it state that Plaintiff has suffered any impairment at work as a result of not being given adequate time for medical appointments.

In fact, one paragraph of the complaint does just the opposite. Paragraph 16 states that at one point in March 2007 Plaintiff was running low on her medications and requested time off to see her doctors. When her supervisor refused to grant her time off, the complaint states that "she continued to see patients and perform her other fellowship duties during the two weeks in which the other fellows were in Ecuador." Complaint, ¶16. Again, this does not show any limitation on a major life activity that would lead to a finding that Plaintiff was disabled. Plaintiff's complaint does not even allege that she is unable to refill her medications without accommodation in the form of time off. From an examination of the four corners of Plaintiff's complaint, and when taking into account Plaintiff's mitigating measures, there is no basis for finding that Plaintiff is disabled under the ADA. There is not one alleged instance of any limitation of a major life activity that Plaintiff suffered while taking her medication and serving as a fellow in Defendant's program.

Plaintiff's complaint also fails to adequately allege that she is disabled under subsections

B or C of 42 U.S.C. § 12102(2).  She directs me to paragraphs 12 and 18 of her complaint and argues that these allege that she has a record of impairment, or that she is regarded as having such an impairment.[2]  An examination of these paragraphs, however, reveals that this is not the case.

Paragraph 12 simply alleges that the Defendant was aware of Plaintiff's condition, and that her application to the fellowship program discussed her medical history.  This is inadequate to show a record of impairment, or that Nova regarded Morgan as having an impairment that limited her in major life activities.  There is no indication of any record or knowledge on Nova's part indicating that when medicated, Plaintiff still suffers substantial limits on MLA's.  The same conclusion applies to paragraph 18, as it only refers to a supervising doctor telling Plaintiff that the sick leave she was taking would make it difficult for her to complete her medical program.

### B.  Plaintiff's Rehabilitation Act Claim

The legal analysis for determining whether an individual is disabled is substantively the same for the ADA and the Rehabilitation Act. *Sutton v. Lader*, 185 F.3d 1203, 1208 (11th Cir. 1999)("The standard for determining liability under the Rehabilitation Act is the same as that under the ADA").  As I have found that Plaintiff's ADA count fails to adequately allege that she is disabled for purposes of the ADA, the same analysis applies to her Rehabilitation Act claim. Therefore, that count must also be dismissed.

---

[2] A person is "regarded" as having an impairment if he: has a physical or mental impairment that does not substantially limit major life activities but is treated by an employer as constituting such a limitation; has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of an employer toward such impairment; or [has no physical or mental impairment] but is treated by an employer has having such an impairment.  *Sutton v. Lader*, 185 F.3d 1203, 1208 (11th Cir. 1999).

Based upon the allegations of Plaintiff's complaint, she has failed as a matter of law to allege that she is a disabled individual for purposes of the ADA and Rehabilitation Act. As Plaintiff may be able to state a viable claim with the inclusion of additional factual allegations, I will grant her one opportunity to amend the complaint. Any amended complaint would have to allege that despite Plaintiff's mitigation measures, she still suffers substantial limitations on a major life activity.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (DE 11) is GRANTED with leave to amend. Plaintiff must file any amended complaint within ten (10) days of the date of this Order.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 9th day of August 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record